Coggins *vs.* The State.

COGGINS *VS* THE STATE.

1. In an indictment for playing at cards, under the statute, it is sufficient if the indictment allege, that defendant played at cards at a store-house for retailing spirituous liquors,—without an averment, that he played a game at cards ; or that he played a *game* with *any person.*

Error to the Circuit court of Autauga county.

Indictment, for playing at cards, under the statute.

The indictment charged, that defendant, on a certain day, in the county aforesaid, " did then and there play at cards, at a store-house for retailing spirituous liquors, to wit, the store-house of Wiley Coggins, 'there situate, contrary to the statute in such cases made and provided, and against the peace and dignity," &c.

Defendant demurred, and for cause of demurrer, said that—

1. The indictment did not allege, that defendant played a game at cards, with any person at a store-house, for retailing spirituous liquors ;

2. That the indictment did not shew, that the defendant played a game of cards with any person.

The demurrer was overruled, and defendant plead " not guilty." Verdict, " guilty."

The defendant here assigned for error—

That the Circuit court ought to have sustained his demurrer, for the reasons therein contained.

*Dargan,* for the plaintiff in error.

*Attorney General,* contra.

COLLIER, C. J.—The first question raised, was brought directly to the view of the court, in the case of the State vs Holland, et al, (3 Porter's R. 292.) There, the indictment charged the defendants with playing *at cards*, and the court determined that it was in conformity with the statute which prescribed its requisites.

In regard to the second point, it must depend upon the statute on which the indictment is founded. The first section of the act of eighteen hundred and twenty-eight, subjects to a criminal prosecution, any person who shall play at any tavern, inn, store-house for retailing spirituous liquors, &c. at any game or games with cards or dice. The second section enacts, that it shall be sufficient for the indictment to charge, that the person or persons offending, did play at cards or dice (as the case may be) in some of the places above specified, without stating what description of game, or without stating that money or any other thing was bet upon the event of the game; and upon making proof of the charge prescribed by the statute, it shall be considered, that the offence is made out without proving what the game was or is called, or without proving that any thing was bet thereon. It was certainly a *desideratum* in the enactment of this statute, to suppress the very prevalent vice of gaming, in places of public resort; and that this intention might be the better advanced, great latitude was allowed in framing the charge. It is not even necessary to allege every thing which is essential to constitute the offence. For instance, one may be charged with playing *at cards or dice,* yet it must be shewn that he played *a game,* though it is not required of the prosecutor to shew what it is, or was called.

Coggins *vs.* The State.

The second section, in enumerating the requisites of an indictment, does not declare that it shall be alleged with whom the accused played at cards or dice; and as it *probably prescribes what is sufficient*, it would be going quite beyond all precedent, if not transcend our legitimate authority, to maintain that the legislature have not correctly pointed out what the indictment must contain.

It seems to us, that both the letter and policy of the act we are considering, so forcibly negative the necessity of the averment, which the defendant deems material, as to place the question beyond doubt. Here is a general description of an offence, in the words of the statute, and nothing more can be required—Huffman's case, (6 Rand. R. 685.)

Besides—Is it quite certain that there is no game at cards, which one person could not play alone, especially if he was stimulated by another to bet with him? If there be none already known, the astuteness of the professed gamester, surely will be competent to the task of devising one, whenever it shall be ascertained that it is not obnoxious to legal penalties.

In every point of view in which this case has presented itself to us, we think it free from error,—and it is therefore affirmed.