## DAVIDSON vs. THE STATE.

[INDICTMENT FOR GAMING.]

1. *Conviction on testimony of accomplice.*—A participant in a game of cards is an *accomplice* of his adversary, within the meaning of the statute (Code, § 3600) which forbids a conviction on the uncorroborated testimony of an accomplice. (RICE, C. J., *dissenting.*)

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. WILLIAM M. BROOKS.

THE bill of exceptions in this case is as follows:

"On the trial of this case, the State introduced but one witness, who testified, that he saw the defendant, within twelve months next prior to the finding of the indictment, and within said county, play a game of cards called 'poker;' that said game was played with him (witness), in the public road; that he and the defendant were the only persons who participated in the game; and that this was the only game he ever saw the defendant play. This being all the evidence, the defendant asked the court to instruct the jury, that if they believed the witness participated in the game of cards, and thereby became an accomplice of the defendant, a conviction should not be had on his testimony, unless he was corroborated by such other evidence as tended to connect the defendant with the commission of the offense. The court refused this charge, and the defendant excepted."

GEO. W. GAYLE, for the prisoner. (No brief on file.)

M. A. BALDWIN, Attorney-General, *contra.*—Section 3600 of the Code does not apply to gaming cases, for the following reasons:

1. Section 3247 of the Code authorizes the finding of an indictment, in gaming cases, upon the testimony of a person who was engaged in the game, uncorroborated by any other evidence; and this was tantamount to declaring that testimony sufficient to convict on the trial. It could

not have been the intention of the legislature to author-
ize the finding of an indictment upon the testimony of a
witness, whose evidence, if uncorroborated, would be insuf-
ficient to authorize a conviction. No possible good could
have been accomplished by such a law, while useless costs
and expenses would have been imposed on the county.
It was not necessary, by a special provision, to exempt
gaming cases from the operation of section 3600 of the
Code. When the statute authorized the finding of an
indictment on the uncorroborated testimony of a partici-
pant in the game, the general rule of law, applicable to
evidence before grand juries, was brought to bear on such
cases, thus excepting them from the operation of section
3600. The rule relating to evidence before the grand
jury, as deduced from the authorities, forbids the finding
of an indictment upon evidence which would not be suf-
ficient to convict on the trial. The grand jury ought not
to find an indictment on the testimony of an incompetent
witness.—1 Chitty's Criminal Law, 318. An indictment,
founded on the testimony of an interested witness, will
be quashed.—The State v. Fellows, 2 Hayw. 340. An
indictment was quashed, as having been irregularly found,
because the grand jury received the testimony of a witness
not under oath.—Gallison's R. 364. To the same effect
is the decision in Keenan v. Boylan, 1 Sch. & Lef. 232,
(cited in 1 Chitty's Criminal Law, 318,) where it was held,
that the grand jury, on an indictment for perjury, should
have the original affidavit in the making of which the
perjury was charged, and that an office copy was not suf-
ficient.

2. In the offense of gaming, there are no aiders, abet-
tors, or accomplices, unless one person is assisting another
to play the game. Each player is committing a separate
and independent offense, particularly in the game of
"poker," where the hand held by each is independent of
the others.

3. The term *accomplices* is applicable only to felonies,
and is unknown to that class of offenses denominated mis-
demeanors. The practice of admitting the testimony of
accomplices, on the promise of pardon, was introduced

instead of the ancient system of approvement, which had become obsolete.—2 Russell on Crimes, (Amer. ed.) 959; 1 Chitty's Criminal Law, 603. The doctrine of approvement applied only to cases of treason and felony.—Roscoe's Criminal Evidence, 153; 2 Russell on Crimes, 957; 4 Bla. Com. 329, note 13; 2 Hale's P. C. 67, 227; 2 Hawk. P. C. 281; 1 Chitty's Criminal Law, 603; Leach, 119. The doctrine in reference to accomplices, then, can only apply to cases of treason and felony, except where specially extended to other cases by statute.

WALKER, J.—Section 3600 of the Code is in the following words: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely show the commission of the offense, or the circumstances thereof." The question of this case is, whether one who played with the defendant, and adversely to him, at a game with cards, is an accomplice within the meaning of the statute above quoted.

An accomplice is defined to be, "an associate in a crime; a partner or partaker in guilt."—See Webster's Dictionary; Bouvier's Law Dictionary. In Foster's Crown Law, (341,) the word *accomplices* is said to take in all *participes criminis*. If, then, a person playing at a game with cards, adversely to the accused, and with him, participates in the commission of the offense condemned by the statute, he is an accomplice.

The offense is playing at a game with cards.—Code, § 3243. When two or more persons play cards together, although each may be contending with all the rest, it is the combination of all the successive acts of all the different persons, which constitutes the game at cards. Each player, by every act of his done in pursuance to the law of the game, contributes an appointed part to the combination of acts, which together make a game with cards. It is clear, therefore, that in playing at a game with cards, each player is a participant in the production of the result which the law condemns.

If the statutory offense were winning at a game with cards, then adversaries in the game could not be accomplices. The loser of the game could not be said to participate in the accomplishment of the unlawful object, (winning at a game.)

Our argument does not involve the position, that adversaries in fact are accomplices in law. Antagonists in playing cards are not adversaries, as to the thing which constitutes the offense. They agree together as to the playing at a game with cards, and each voluntarily contributes to that end; and they are adversaries as to which one shall perform his part in the game with the highest skill. There is a perfect agreement among the players that each shall perform his part, and the strife between them is which shall do it most skillfully.

If a community of purpose be necessary to constitute one an accomplice, our position is still maintainable. It would be absurd to contend, that any other common object than to commit the offense was necessary to make one an accomplice with the accused. Those who play together at a game with cards have a common object to play at the game, and that is the offense. They have diverse objects to play with the greatest skill, and that does not constitute the offense. Each sits down to the card-table with a common purpose to do that which the law condemns; but each has an ultimate object to accomplish, by playing at a game with cards in violation of the law. They concur in the purpose to violate the law. They do not concur in the object to be accomplished by the violation. The offense is complete before it is known who will be the winner. If two men were to agree together to commit a murder, and the motive of one was to gratify revengeful feelings, and of the other to obtain money, they would be accomplices, notwithstanding the diverse objects with which the crime was committed. So, in this case, those who agree in the violation of law, by playing at a game with cards, are accomplices, notwithstanding they do so for the purpose of beating each other in the game.

Playing at cards is not the *means* by which the *end* con-

demned by the statute is accomplished; but that is the very thing which constitutes the offense, and it is impossible for persons to play cards together without a common purpose, so far as their conduct goes to make out the offense.

The term *accomplice* is as applicable to participants in the commission of misdemeanòrs as felonies.—2 Russ. on Cr. 967, 968; Reg. v. Farler, 8 C. & P. 106.

It has been the universal practice in this State, to join all persons engaged together at a game with cards as defendants. From this long and well sanctioned practice we deduce an argument, that they are *participes criminis.* Wharton's Am. Crim. Law, § 429; Archbold's Crim. Pl. 96, note 1.

For the reasons above stated, we regard the witness in this case as an accomplice.

Judgment reversed, and cause remanded.

RICE, C. J., dissenting.

