## ENGLISH *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Conviction on testimony of accomplice.*—In a gaming case, a person who, though he did not himself play, " was in partnership with one of the players in his winnings or losses in the game in which the defendant played, and advanced money to the defendant, to be used in betting on said game, and which was so used by the defendant," is an *accomplice*, within the meaning of the statute (Code, § 3600) which forbids a conviction on the uncorroborated testimony of an accomplice.

FROM the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

THE indictment in this case was in the general form allowed by the Code. The bill of exceptions discloses the following state of facts: "On the trial of this case, the State introduced one Graham as a witness, who testified, that he only saw the defendant play cards once

within twelve months before the finding of the indictment; that said game was played in said county of Monroe, and in a house which the testimony of said witness tended to show was public; that he himself did not play cards at that time, but was in partnership with one of the players in his winnings or losses in the game in which the defendant played, and advanced money to the defendant, to be used in betting on said game, and which was so used by the defendant; that he and his said partner were equally interested in the money furnished by them for the purpose of betting on said game, and also in the profits and losses arising from the playing; and that they divided the profits equally between them. No other witness was examined in the case. On this evidence, the court charged the jury, (amongst other things,) that if the witness Graham did not play in the game, but only advanced money to the defendant to bet with, and was to share in what the latter might win or lose in the game, then the witness was not an accomplice within the meaning of the law, and that a conviction might be had upon his testimony alone, if believed by them; to which charge the defendant excepted."

S. J. CUMMING, for the prisoner, cited Davidson v. The State, 33 Ala. 350, and authorities there referred to.

M. A. BALDWIN, Attorney-General, *contra*, cited Wilcox v. The State, 7 Blackford, 456; Hitchcock v. The State, 1 Iredell, 14; Commonwealth v. Tiernan, 4 Grattan, 545.

R. W. WALKER, J.—There can be no doubt that, on the facts stated, the witness was as guilty of the offense proved by him, as the defendant. There are no accessories in misdemeanors, but all who are concerned in the commission of the offense, are principals.—Wharton's Cr. L. § 131; 1 Bishop's Cr. L. §§ 82-6, 483-5. The witness is, therefore, to be treated as if he had himself played in the game; and on the authority of Davidson v. The State, 33 Ala. 350, we must hold, that the court erred

in deciding that he was not an accomplice, and that the defendant might be convicted on his individual testimony.

Judgment reversed, and cause remanded.