## BIRD *vs.* THE STATE.

]indictment for gaming.]

1. *Conviction on testimony of accomplice.* —A conviction cannot be had on the uncorroborated testimony of an accomplice, (Code, ¿3600,) although such accomplice was also examined as a witness before the grand jury.

From the Circuit Court of Choctaw.
Tried before the Hon. C. W. Rapier.

The bill of exceptions in this case was as follows :
" On the trial of this case, one Callahan, a witness for

the State, testified that he was a witness before the grand jury, and then stated the facts on which the indictment was found; that within twelve months before the finding of the indictment, and during the present term of the circuit court, the defendant, with some eight other persons, played with cards at a game called *poker;* that said playing was done in the county jail, in a room in the second story, usually called 'the debtors' room;' that one H. H. Smith was the jailor, and lived, with his family, in the second story of said jail, and occupied the west end of the building, and had control of the building; that the playing was by consent of said Smith; that there was no prisoner in said debtors' room; that he (witness) played in said game with the defendant and the others; that he was boarding with said Smith, and had paid him for board, without any demand being made for the same by said Smith, although Smith did not usually charge him board. There was other evidence, showing that said house was the county jail, and was situated in the town of Butler; and that there was one prisoner in the jail. It was in evidence, also, that when the grand jury went to examine the said jail, there was no prisoner in the debtors' room, but that there was some bed-clothing deposited therein, which the witness supposed to belong to the jailor. This was all the evidence in the cause; and thereupon the court charged the jury, that if they beleved the evidence, they must find the defendant guilty. The defendant excepted to this charge, and then requested the court to instruct the jury, that a conviction could not be had on the testimony of an accomplice, unless he was corroborated by such other evidence as tended to connect the defendant with the commission of the offense, or the circumstances thereof. The court refused this charge as asked, but gave the charge to the jury in the event they should believe that said Callahan was not examined before the grand jury as a witness in the case; and to this refusal the defendant excepted."

G. F. SMITH, for the prisoner.
M. A. BALDWIN, Attorney-General, *contra.*

Donohoo v. The State.

STONE, J.—The only witness who testified in this case, was, under the decision in the case of Davidson v. The State, (33 Ala. 350,) an accomplice of the defendant, in the game for which he was on trial. The circuit court ruled, that a conviction could be had on the uncorroborated testimony of an accomplice, if that witness had been examined on the preliminary inquisition before the grand jury. In this the circuit court erred.—Code, §§ 3246-7-8.

Reverbed and remanded.