## BASS *vs.* THE STATE.

[INDICTMENT FOR BETTING AT TEN-PINS.]

1. *Conviction on testimony of accomplice.*—Under the act of 1854, (Session Acts, 1853-54, p. 30,) as amended by the act of 1858, (Session Acts, 1857-58, p. 267,) it is the betting at ten-pins, and not merely playing the game, that constitutes the offense; consequently, a person who engages in the game, and does not participate in the betting, is not an accomplice, within the meaning of section 3600 of the Code, which forbids a conviction on the uncorroborated testimony of an accomplice.
2. *When objection to grand jury may be made.*—The objection cannot be raised for the first time in the appellate court, that the record fails to show that the grand jurors were regularly selected and summoned.
3. *Constituents of offense.*—To constitute the offense of betting at ten-pins, (Session Acts, 1857-58, p. 267; *ib.* 1853-54, p. 30,) it is not necessary that the game should be played at one of the places enumerated in section 3243 of the Code.

FROM the Circuit Court of Covington.
Tried before the Hon. JNO. K. HENRY.

·THE indictment in this case charged, that the defendant, within twelve months before the finding of the indictment, and after the 8th February, 1858, "bet at ten-pins, or some such game, which betting was not for the game." The defendant demurred to the indictment, for duplicity, for uncertainty, because it did not sufficiently describe the offense, and because it did not allege that the game was played at one of the places specified in section 3243 of the Code; but his demurrer was overruled. "On the trial," as the bill of exceptions states, "the State introduced one Rue as a witness, who testified, that the defendant and one Carson, within twelve months before the finding of the indictment, agreed to roll a game of ten-pins at a public alley in the town of Andalusia in said county, and bet the feed of two yokes of oxen for three weeks on the result of said game; that Carson asked him to roll the game for him; that he and Carson rolled said game against defendant and another person, whose name he did not recollect; that they went to the bar several times during the game, and drank liquor; that Carson won the game, and a controversy then arose between him and the defendant, as to the construction of the bet; that the game was played in Covington county, on a public alley in the town of Andalusia, which was kept for play and pay, within twelve months before the finding of the indictment; that he had no interest whatever in the bet made on the game, or for the alley fees, or for the liquor drunk; that he paid for nothing, and neither won nor lost anything on the game; and that his only connection with the game was to join in the rolling for Carson, and at his request." The defendant asked the court to instruct the jury, "that if they found, from the evidence, that the witness Rue was engaged in rolling the game for Carson, and did nothing but roll for him, and took no part in the betting, but drank with the others at the conclusion of the game, he was an accomplice, and they

could not convict the defendant on his uncorroborated testimony." The court refused this charge, and the defendant excepted to its refusal.

JOHN McCASKILL, for the defendant.
M. A. BALDWIN, Attorney-General, *contra*.

R. W. WALKER, J.—The test, by which to determine whether a witness, who has been introduced by the State, is an accomplice within the meaning of section 3600 of the Code, is the inquiry, could the witness himself have been indicted for the offense, either as principal or accessory? See *Davidson v. State*, 33 Ala. 350; Bouvier's Dict., "Accomplice." Under the act of February 17, 1854, (Acts '53–4, p. 30,) as amended by the act of February 8, 1858, (Acts '57–8, p. 267,) it is the betting at ten-pins, and not merely playing the game, that constitutes the offense. As the witness did not bet, and was not concerned in the bets made by others who took part in the game, he could not have been indicted; and, therefore, was not an accomplice.

[2.] The objection, that the record fails to show that the grand jury was regularly selected and summoned, cannot be made for the first time in this court.—Code, § 3591; *Shaw v. State*, 18 Ala. 549; *Nugent v. State*, 19 Ala. 540; *Floyd v. State*, 30 Ala. 511; *Russell v. State*, 33 Ala. 366.

[3.] It is not necessary to constitute the offense of betting at ten-pins, that the playing should take place at one of the places enumerated in section 3243 of the Code. Hence, the objection to the indictment was not well taken. Judgment affirmed.