SMITH ET AL. *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Conviction on testimony of accomplice.*—Where a witness testifies, that he was present while the several defendants played a number of games with cards; that at the request of one of the players, who did not understand the game well, he sat behind him, and, from time to time, during the whole continuance of the games, instructed him how to play; that he took a card, on one or two occasions, from the hand of said unskillful player, and threw it down on the table for him, and, on one occasion, during the momentary absence of said player, played one of his cards for him; and that he was also engaged in reading a part of the time,—the court may refuse to instruct the jury, that said witness was an accomplice, (Code, § 3600,) and that a conviction could not be had on his uncorroborated testimony.

2. *What constitutes a public house.*—A lawyer's office is a public house, within the prohibition of the statute against gaming, (Code, § 3243,) and where it consists of two rooms, front and back, connected by a door, in each of which professional business is transacted, the two rooms are equally within the statute.

FROM the Circuit Court of Choctaw.
Tried before the Hon. A. A. COLEMAN.

IN this case, George Frank Smith, Marcellus A. Coleman, M. VanCamp and Charles Hill were jointly indicted for gaming; the indictment being in the general form prescribed by the Code. "On the trial," as the bill of exceptions states, "the State introduced one Moody as a witness, who testified, that within twelve months before the finding of the indictment, and in said county of Choctaw, the defendants played several games with cards, (called 'euchre,') in the law-office of George F. and G. Frank Smith, practicing attorneys; that said office was situated on the street facing the public square in the town of Butler, in which public square is the court-house; that there were two rooms in said office, with a door leading from one to the other; that the law-books of said attorneys were kept in the front room, and business was done with the public in

both rooms, but usually in the back room, where the writing-table of one of said attorneys was situated; that the playing was done in said back room; that the door between the two rooms and the windows were closed, and the back door could not be seen from the street; that witness, at the request of Charles Hill, who did not understand the game well, sat behind him, and, from time to time, instructed him how to play; that this information was given by him to said Hill, from time to time, during the whole continuance of the games; that he took a card, on one or two occasions, from said Hill's hand, and threw it down on the table for him; that on one occasion, while said Hill was momentarily absent from the room, he took up his cards, and 'passed' for him, (which is a technical expression in the game,) and that he (witness) was also reading a medical book a part of the time the game was going on." This being all the evidence, the defendants requested the court to instruct the jury—1st, "that the said witness was an accomplice, within the meaning of section 3600 of the Code, and that a conviction could not be had on his testimony alone;" and, 2d, "that the house in which the playing took place, was not a public house within the meaning of section 3243 of the Code." The court refused these charges, and the defendants excepted to their refusal.

WILLIAM BOYLES, for the defendants.

M. A. BALDWIN, Attorney-General *contra.*

A. J. WALKER, C. J.—The witness only participated in the playing by aiding an unskillful player with his advice, and at one time doing some little acts, during a brief absence of such unskillful player, in his place. These acts were not of such character as necessarily to constitute the witness an accomplice, when he was not engaged in the performance of them. During a part of the playing, the witness was engaged in reading. While he was so engaged, it cannot be affirmed, as a legal

conclusion, that he was either assisting in the game, or participating in it. The offense may have been complete, by what was done during the time occupied by the witness in reading.—*Swallow v. The State*, 20 Ala. 30 ; *Cannon v. State*, 15 ib. 383; *Coggins v. State*, 7 Porter, 263. The court was, therefore, not authorized to assume conclusively, that the witness was an accomplice at all the points of time when enough was done to authorize a conviction. This the court was, in the first charge asked, requested to do ; or, at least, that was the effect of the charge. There was, therefore, no error in the refusal.

[2.] There was no error in the refusal of the second charge requested.

Affirmed.