## Moses *v.* The State.

*Indictment for setting up or being Concerned in carrying on a Lottery.*

1.  *Grand jury ; what will not invalidate findings of.*—The findings of a grand jury are not invalidated, because the record of its organization does not show that it was ascertained whether any of the grand jurors had, during the pre-ceding twelve months, served as grand or petit jurors.

2.  *Accomplice ; when conviction may be had on uncorroborated testimony of.*— Under our present statutes, a conviction for a felony can not be had on the uncorroborated testimony of an accomplice; but in misdemeanors the jury may convict on his uncorroborated evidence, if they credit him.

3.  *Same.*—It is for the jury to determine, from the facts and circumstances of the case, how far the complicity of the witness in the offense affects his cred-ibility in misdemeanors, and where the offense is mere *malum prohibitum*, a charge that the witness' complicity in it detracts "very materially" from his credibility, is erroneous and properly refused.

[Moses v. The State.]

APPEAL from City Court of Mobile.

Tried before Hon. O. J. SEMMES.

The appellant Moses was indicted and convicted for setting up and carrying on a lottery, without the legislative authority.

One Murphy, who was indicted for a similar offense, growing out of the transaction for which Moses was indicted, was the only witness for the prosecution; the court having allowed a *nolle pros.* as to Murphy at the request of the State. This witness testified as to the manner in which Moses had carried on the lottery during the twelve months preceding the indictment, and that he, witness, was engaged several months with defendant in carrying on the business, which was fairly and honestly conducted. This was all the evidence.

The court charged the jury that they were "exclusive judges of the evidence, but as the defendant has set up that the only witness in this case is an accomplice, the court tells you that you may look to that fact in arriving at the conclusion whether he is to be believed or not; and on that subject, further charges you, if you believe, beyond a reasonable doubt, that Murphy has told the truth, then you should give his evidence the same weight as though he had not been an accomplice." The defendant excepted to this charge, and requested the court, in writing, to charge the jury as follows : "The fact that the witness is, or was, an accomplice, detracts very materially from his credit." The court refused to give this charge, and the defendant excepted. The defendant further requested the court, in writing, to charge the jury, "if the alleged business was conducted honestly and fairly, the jury may consider that fact in ascertaining whether or not the case is made out beyond a reasonable doubt." This charge was refused, and the defendant excepted.

The record, showing the organization of the grand jury, &c., is, in all respects, regular, but is silent as to whether the court ascertained if any of its members had, during the preceding twelve months, served as grand or petit jurors.

The refusal to charge as requested, the charge given, and failure of the record to show proper qualification of the grand jurors, are now assigned for error.

McKINSTRY & SON, for appellant.—The record showing the organization of the grand jury, fails to state that the court ascertained whether the grand jurors have served within the past twelve months as required by statute. An accomplice may be a witness, but the judge should caution the jury not to convict on his uncorroborated testimony,

"This has so long been the practice, that the failure to give the jury such advice, would be regarded as an omission of duty on the part of the judge.—1 Greenleaf Ev. § 380; 1 Phillips Ev. 30-32; 2 Starkie on Ev. 12. Lord Ellenborough says the rule applies as well in misdemeanors as in felonies.—31 Howell State Trials, 326; 26 Ala. 24. The charge given, and the refusal to charge as requested, are shown to be erroneous by these authorities.

JOHN W. A. SANFORD, Attorney-General, *contra.*—In misdemeanors the accused may be convicted on the uncorroborated testimony of an accomplice—*Hart v. The State*, 40 Ala. 32; *Alsabrook v. The State*, 52 Ala. 26. There is nothing in the objection as to the formation of the grand jury.—R. C. § 4187.

BRICKELL,' C. J.—The record does not disclose that the City Court, before organizing and charging the grand jury, ascertained whether any of its members had, during the preceding twelve months, served as grand or petit jurors, as required by the statute.—Pamph. Acts, 1874-5, p. 186. This was a duty the statute imposes, but if the intendment, from the recitals of the record, be, as is urged by appellant's counsel, that the duty was not performed, the findings of the grand jury, as organized, are not thereby affected. The statute expressly declares, that if a grand jury is drawn in the presence of the officers designated by law, no objection to its formation, nor to the legal qualifications of any of its members, shall be entertained after its organization.—R. C. § 4187.

It is a settled rule at common law, that an accomplice is a competent witness for the State, and that a conviction may be had upon his testimony. The degree of credit to which he is entitled, lies exclusively in the province of the jury, though, in prosecutions for felony, the judges, in their discretion, will advise against a conviction on his uncorroborated evidence.—1 Green. Ev. §§ 379-80. The Code of 1852 provided that, "a conviction cannot be had on the testimony of an accomplice, unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely show the commission of the offense or the circumstances thereof." This provision was construed as extending alike to misdemeanors and felonies.—*Davidson v. State*, 33 Ala. 350; *English v. State*, 35 Ala. 428; *Bird v. State*, 36 Ala. 279; *Smith v. State*, 37 Ala. 472; *Bass v. State*, *ib.* 469. This construction led to a change of the statute,

[McGuire et al. v. Buckley.]

limiting it in operation to felonies.—R. C. § 4193. The result of this legislation is, that in felonies a conviction can not be had on the testimony of an accomplice, without corroboration connecting the defendant with the commission of the offense. In misdemeanors, a conviction may be had on his evidence, without corroboration, if the jury credit him. His complicity goes only to his credibility, and of that the jury must judge, as they judge the credibility of other witnesses. The instructions given to the jury, seem to us, to state the law correctly. The instruction requested would have invaded the province of the jury. It was for them to determine, from all the facts of the case, how far the witness' complicity in the offense, affected his credit. From the character of the offense, not involving moral turpitude, merely *malum probitum,* and from the nature of his connection with it, the jury may not have supposed there was any good reason to discredit him. The law does not pronounce that without regard to these facts, his complicity affects his credit *very materially.*

Let the judgment be affirmed.