# Darden, *et al. v.* The State.

## *Burglary.*

(Decided April 9th, 1915.   68 South. 550.)

1. *Infants; Criminal Responsibility.*—A child under seven years of age is conclusively presumed incapable of committing crime, and one between seven and fourteen years is also presumed incapable, but such presumption is rebutable by substantial evidence, showing capacity.

2. *Criminal Law; Accomplices.*—An accomplice is a partner or partaker· in guilt, an associate in crime, and includes all particeps criminis.

3. *Same; Burden of Proof.*—The presumption being that a child between seven and fourteen years old is not capable of committing crime, a defendant has the burden of showing the capacity to commit crime of an infant between those ages, who appears against him as a witness, before the defendant is entitled to an instruction, under the rule that a conviction cannot be had solely on the testimony of an accomplice; hence, where the evidence showed that the witness was a little over seven years of age at the time of the trial, and it did not appear when the crime was committed, the defendant was not entitled to such instruction.

4. *Charge of Court; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Joe Darden and W. H. Daniels were convicted of burglary, and they appeal.  Affirmed.

The state introduced Percy Smoke stepson of Joe Darden, who testified that he is a little over seven years of age and under eight years, and he was permitted to testify that Joe Darden and Daniels woke him up one night after he had gone to bed and made him go with

[Darden, et al. v. The State.]

·them to Carson's store, where they prized the bars apart, and put him through them and told him to go in and open the door, and that he did so, and they made him close the door after they had entered and got what they wanted and come out again through the window. Defendants move the court to exclude all the evidence because there was no evidence which connected either or both of defendants with the crime except that of Percy Smoke, and, he being an accomplice, they could not be convicted on his uncorroborated testimony.

The following is charge 3: If you believe from the evidence in this case that Percy Smoke is an accomplice in the commission of the alleged offense, you must acquit defendants.

ARTHUR M. PITTS, for appellant. Counsel discuss the errors assigned but without citation of the authority.

WILLIAM L. MARTIN, Attorney General and W. H. MITCHELL, Assistant Attorney General, for the State. The presumption is that a child under fourteen years is not capable of committing crime, and before the witness can be said to be an accomplice, the defendant must show the witness' capacity.—*McCormick v. The State*, 102 Ala. 156; *Martin v. The State*, 90 Ala. 603; *Godfrey v. The State*, 31 Ala. 323.

BROWN, J.—An infant under the age of 7 years is conclusively presumed to be incapable of committing crime, and can in no event be held responsible (*Allen v. United States*, 150 U. S. 551, 14 Sup. Ct. 196, 37 L. Ed. 1179; *Marsh v. Loader*, 14 C. B. N. S. 535; 22 Cyc. 623), while one between 7 and 14 in the absence of proof of capacity, is presumed to be incapable of com-

mitting crime (*McCormack v. State,* 102 Ala. 156, 15 South. 438; *Martin v. State,* 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844; *Godfrey v. State,* 31 Ala. 323, 70 Am. Dec. 494) ; and the burden of proving that an infant between the ages of 7 and 14 is capable of committing crime is upon him who asserts the affirmative, and, unless there is some evidence offered tending to show that such infant was at the time of the alleged crime of sufficient maturity of mind to understand and appreciate the nature of the act, the presumption becomes conclusive that such infant is incapable of crime.

However, direct and positive evidence of capacity is not necessary, but circumstances of education, habits of life, general character, moral and religious instruction, and other circumstances immediately connected with the offense charged may in most instances be proven, and then the question of capacity is one for the jury.—22 Cyc. 625; *McCormack v. State, supra; Wusnig v. State,* 33 Tex. 651; *State v. Toney,* 15 S. C. 409.

An accomplice is defined to be "an associate in crime; a partner or partaker in guilt," and includes all participes criminis.—*Davidson v. State,* 33 Ala. 350; *English v. State,* 35 Ala. 428; *Bird v. State,* 36 Ala. 279.

The test of the competency of the witness Percy Smoke in this case is: If he was on trial for the offense, would the evidence tending to show his guilty sustain a verdict of guilt? *Bass v. State,* 37 Ala. 469.

"The burden of proving the witness to be an accomplice is, of course, upon the party alleging it for the purpose of invoking the rule, namely, upon the defendant." —3 Wigmore on Ev. § 2060 (c). And in this case, if the defendants had offered any proof tending to show that the witness Smoke was capable of committing crime, the question as to whether he was or not an accomplice would have been for the jury.—3 Wigmore Ev., supra;

[Copeland v. The State.]

*Ross v. State,* 74 Ala. 532; *Childress v. State,* 86 Ala. 77, 5 South. 775. It not being shown that Smoke was more than 7 years of age at the time the offense was committed, the motion of the defendants to exclude all the evidence was properly overruled, and the affirmative charge requested by them well refused.

The undisputed evidence showed that the witness was at the time of the trial "a little over 7 years of age and under 8 years of age," and there was no proof of the date the crime was committed, except that it was committed "prior to the fall grand jury of 1914," and the trial was on the 8th day of December. For all the evidence shows, the witness Smoke was at the time of the burglary under 7 years of age.

The defendants having offered no evidence to show that the witness was criminally liable with the defendants, charge 3 was well refused. Charge 3 was also covered by charge 5, given at the defendants' request, submitting the question to the jury.

There is no error in the record, and the judgment is affirmed.