# Horn v. The State.

### Burglary.

(Decided September 7, 1916. 2 South. 768.)

1. **Evidence; Accomplices; Corroboration.**—Where there is doubt whether a witness is in fact an accomplice, and the testimony is susceptible of different inferences on that point, that question is for the jury and not for the court.

2. **Same.**—Before the provisions of § 7897, Code 1907, can be invoked, the jury must be reasonably convinced that a witness was an accomplice.

3. **Same.**—When a witness is an accomplice, § 7897, Code 1907, merely requires other evidence in corroboration tending to connect defendant with the commission of the offense, and it need not be of any specific fact.

4. **Same.**—The burden of proving that a witness is an accomplice is upon defendant who so alleges it for the purpose of invoking the rule requiring corroboration.

5. **Same.**—The sufficiency of the evidence tending to connect defendant with the offense to corroborate his accomplice is for the jury.

3. **Same.**—Where the father of defendant testified that defendant with the witness and another boy, went in the direction of the burglarized premises on the night of the burglary, the question whether the witness, as an accomplice, was corroborated, was for the jury, although such evidence was slight.

214 COURT OF APPEALS [Vol.

[Horn v. The State.]

APPEAL from Lee Law and Equity Court.
Heard before Hon. LUM DUKE. ·
Johnnie Horn was convicted of burglary and he appeals. Affirmed.

BARNES & BREWER, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—Appellant was jointly indicted with two other boys, Bud Ware and Crawford Long, charged with burglary. A severance was had, and Bud Ware, on behalf of the state, testified that he and defendant on the night of the crime had been invited by Crawford Long to accompany him on a jaunt or excursion that he, the said Crawford Long, intended to make. On being pressed by the other boys for the why and wherefore of the excursion, Long merely replied, "Come and go with me and I will let you know when we get there." According to Bud Ware, nothing further was vouchsafed, and neither he nor defendant had the slightest intimation or any knowledge of the purpose of the trip until they had proceeded some three or four miles to a grove at or near the farm of one Alfonzo Martin, and at this point Long explained that said Martin owed him some money which he couldn't collect, and he intended to go into Martin's crib and appropiate his bicycle, which was kept there. Defendant halted in the grove, and there remained while Long and Ware proceeded to the crib. Long broke into the crib, secured the bicycle, and both boys rejoined defendant, and the trio returned home. When nearing home, Long decided to conceal the bicycle in the loft of a barn, and asked defendant to give him a lift with the bicycle, which he did. Ware further testified that when apprised of the purpose of the trip, he remonstrated with Long, but notwithstanding, accompanied him to the crib and stood and watched Long break and enter the crib, specifically disclaiming, however, any participation ·or complicity in the crime, and denied that he was acting as a lookout. This, in short, comprised the state's testimony, save that the owner of the bicycle, Alfonzo Martin, testified that his crib had been broken open during the night and his bicycle stolen, and that some three weeks thereafter he had discovered it in Long's possession, and that it had then been painted a different color. Defendant dis-

claimed any knowledge of the crime, and denied having gone with Ware and Long to Martin's farm. The father of Crawford Long testified that the three boys left his house about 8:45 p. m. on the night of the crime and "went up the road together toward Alfonzo Martin's."

In this state of the evidence, the question arises: "Did the trial court commit error (1) in refusing to give the general affirmative charge (being requested thereunto), and (2) in not setting the verdict aside and granting a new trial, the trial having been had subsequent to the amendatory act (Acts 1915, p. 722), authorizing defendant to appeal in criminal cases from a motion for a new trial?

(1-5) Where there is doubt whether a witness is in fact an accomplice, and the testimony is susceptible of different inferences on that point, such question is for the jury, and not the court. It is not enough, moreover, that the jury be left in doubt on the subject. They must be reasonably convinced that the witness was an accomplice before the statute (Code 1907, § 7897), requiring corroboration, comes into play. When it does come into play, the statute merely requires that there shall be evidence aliunde "tending to connect defendant with the commission of the offense." When evidence having such tendency is offered, its sufficiency is a matter addressed to the jury.—*Ross v. State,* 74 Ala. 532; *Childress v. State,* 86 Ala. 77, 5 South. 775; *Newsum v. State,* 10 Ala. App. 124, 65 South. 87; *Riley Moore v. State, infra,* 72 South. 596. The corroboration need not be of any particular fact or statement.—*Malachi v. State,* 89 Ala. 134, 8 South. 104. "The burden of proving the witness to be an accomplice is, of course, upon the party alleging it for the purpose of invoking the rule, namely, upon the defendant.—3 Wigmore on Evidence, § 2060 (c)."—*Darden v. State,* 12 Ala. App. 165, 68 South. 550. It would appear that the jury believed Ware to be an accomplice and not because of defendant's testimony, but in spite of it. It could hardly be, under the circumstances, that they believed defendant guilty and Ware an innocent spectator—not an accomplice—requiring no corroboration, for the incriminating circumstances inculpating the one were about the same as to the other; possibly somewhat stronger in Ware's case for the reason that he accompanied Long to the crib.

(6) Assuming, then, the testimony of Ware to have been that of an accomplice, was there any evidence, aliunde, tending

[Thomas v. The State.]

to connect defendant with the commission of the offense? Ed Long, the father of Crawford Long, testified that the three boys left his house at about 8:45 p. m. and "went up the road together toward Alfonzo Martin's." Would this fact lend sufficient probative force to Ware's testimony to justify a conviction? In *Ross' Case, supra,* Justice Stone said: "The tendency of these species of evidence, as far as they had any tendency at all, was to connect the defendant with the commission of the offense. It was for the jury, and not for the trial court, nor for us, to judge of their sufficiency. The demands of the statute are met, when the corroborative testimony tends to connect the accused with the commission of the offense. Its sufficiency is not a question of law."

Our courts have accorded section 7897 a liberal construction. —*Lindsey's Case,* 170 Ala. 80, 54 South. 516. While the corroborative evidence here was slight, its sufficiency, credibility, and probative effect was addressed to the jury; they have spoken, and we do not feel justified in overturning their verdict.

The judgment of the court below is affirmed.

Affirmed.