282 So.2d 338

**E. W. WALLER**

v.

**STATE.**

**4 Div. 173.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

Ramsey & Johnson, Dotham, for appellant.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State.

MOORE, Supernumerary Circuit Judge.

The indictment in this case charged Curtis Robinson, Jr., Harry Williams, Wallace Rivers, and E. W. Waller with the offense of robbery. The indictment named S. E. Hunter as the victim of the robbery. The appellant, E. W. Waller, demanded a severance, was granted a separate trial, and entered a plea of not guilty. He was adjudged guilty and sentenced to twenty-five years imprisonment.

The appellant's motion for a new trial attacking the sufficiency of the evidence was denied by the trial court.

At the conclusion of the State's evidence, appellant made a motion to exclude the evidence and discharge the appellant, which was also denied by the trial court.

Appellant complains on this appeal that his conviction and sentence rest on the uncorroborated testimony of two accomplices. We shall proceed to search the evidence in this case to ascertain whether there is merit in that claim.

Robert Lee Hunter testified that he was the son of Mr. and Mrs. S. E. Hunter; that he lived with his parents in Columbia and was living with them on June 1, 1971; that in the early hours of that night Harry Williams, Curtis Robinson, Jr., and Wallace Rivers came into that home while he was there alone; that they instructed him to remain quiet and tied him up; that Williams then went outside and remained there while the other two remained inside; that this went on for about an hour until his mother and father came home; that Robinson put a pistol on his mother, and Rivers put a pistol on his father; that they took a billfold from his father and searched for and found some other money; that they tied his mother and father up, put them all in the bedroom and left; and that he did not see the appellant there at any time.

S. E. Hunter's testimony was substantially the same as his son's, and in addition, he stated the three men named by Robert Lee Hunter took $2,900.00 from him. He also said he did not see the appellant at his home that night and did not know that he had ever seen him before the day of the trial. He also testified that the robbery took place in Houston County, Alabama.

Wallace Rivers, one of the persons named in the indictment, testified on behalf of the State that he had known the appellant about six months before the occasion in question; that on Sunday night, May 30, 1971, appellant came by the apartment of Bessie Adams; that V. R. Dozier was also at the apartment at that time; that appellant was travelling in an Oldsmobile with a blue vinyl top and a white bottom; that appellant had a woman in the car with him; that appellant told him there were some people over at Columbia that probably had four or five thousand dollars in their pocket, and they could go over there and take them off; that he wanted the witness and Williams to go over there; that appellant left, put the woman out, returned to the Adams' apartment, and the witness, appellant, and Harry Williams went to Columbia in appellant's car; that appellant showed them the place, and they waited in the car until the man came home and went into the house; that appellant said, " 'That blows that.' Said we would have to take another chance

on it:" that appellant brought them back to Dothan, and said he would check with them further in the week; that on Tuesday, June 1, 1971, appellant returned to the Adams' apartment, and again V. R. Dozier was there with this witness; that appellant came in and said he would check back with witness a little later in the evening, that it was too early at that time; that he came back about 7:00 or 7:30, and they went over to Curtis Robinson's house; appellant told him to get ready if he wanted to go with them; (on that occasion Dozier was apparently left at the Adams' apartment) that appellant drove his car and took witness, Curtis Robinson, and Harry Williams over to Columbia and put them off near the house; that he told them the man who owned the house was still in the store, and to wait until he came in; that they went on to the back of the house and this witness and Robinson went in.

From that point, this witness testified substantially as did Robert Lee Hunter as to the events that took place inside the house.

He further testified that after they left the house, appellant picked them up in the car; that they divided the money four ways: among the witness, appellant, Williams and Robinson; that they went back to Dothan.

On cross-examination, he further testified that he was selling whiskey on the weekends at the Adams' apartment. On the Sunday in question, there were several people at the apartment drinking and buying whiskey, and Dozier and one, Clarence Relf, were among those at the apartment. Gambling was also going on there, and he and appellant went upstairs and talked.

We find nothing in the testimony of the witness, Rivers, to indicate that V. R. Dozier heard any of the conversation between the appellant and the other participants in the robbery on Sunday, May 30, 1971, when it was planned or on Tuesday, June 1, 1971, when it was carried out. From aught that appears in his testimony, Dozier heard none of it and did not know anything about it.

V. R. Dozier, who was not named in the indictment, testified that he was at Bessie Adams' apartment on Sunday afternoon, May 30, 1971, and the appellant came to the apartment between two and three o'clock; that he, Wallace Rivers, and Clarence Relf were in the apartment at the time; that appellant came with his girl friend in an Oldsmobile, which was brown with a different colored top; that the girl stayed in the car and appellant came in; that he did not talk to the appellant; that appellant, Rivers, and Clarence Relf went into the kitchen and talked for about fifteen minutes and then went upstairs; that Clarence went upstairs later, but he did not know whether he was with the other two upstairs; that Clarence Relf came down behind the other two; that during that time he was sitting in the livingroom listening to records; that appellant said when he came downstairs, "I'll see you all," and left; that on Tuesday, June 1, 1971, he saw appellant again at the same apartment just at dark, and he, Wallace Rivers, and Clarence Relf were there at the time; that appellant stopped outside in the same car he was driving on the first occasion, and blew the horn; that Clarence told Wallace, "There's your man out there"; that Wallace went out to the car and stayed about five minutes; that he came back and said, "We've got to go"; that he went into the house, got his pistol, and said, "Well, we'll check with you later"; that Wallace and Clarence left in the Volkswagen belonging to Clarence; that appellant left in his own car; that he saw appellant several days later at his boat shop, and appellant then told him, ". . . me and my boys had the town too hot. For us to get out of town . . . And that it was so hot that him and his boys couldn't make any moves. For us to just get on out of town."

The testimony of Dozier does not reveal that he heard any part of the conversation between appellant and Rivers on either May 30, 1971, or June 1, 1971. It is rather clear that he did not hear any of the conversations, and it is completely clear that he did not take part in said conversations.

Appellant and his wife testified that appellant was in Georgia on June 1, 1971, and did not return to Dothan until the following Sunday. The appellant denied that he was involved in the robbery, and said he did not know Dozier. He also denied having a conversation with Dozier at his boat shop.

Clearly Wallace Rivers was an accomplice of appellant in the offense charged. The vital question in this case is was his testimony corroborated.

In Welch v. State, 35 Ala.App. 643, 51 So.2d 905, the court said:

"The statute provides that a person cannot be convicted for a felony on the uncorroborated testimony of an accomplice. Title 15, Sec. 307, Code 1940."

"Of course, before this doctrine has application, it must appear that the witness in question was an accomplice. The mere fact that Baker was indicted for the same offense did not make him an accomplice per se. More v. State, 15 Ala.App. 152, 72 So. 596; Dukes v. State, 33 Ala.App. 474, 34 So.2d 707."

In Childs v. State, 43 Ala.App. 529, 194 So.2d 861, it is stated:

" 'The burden of proving the witness to be an accomplice is, of course, upon the party alleging it for the purpose of invoking the rule, namely upon the defendant—3 Wigmore on Evidence, Sec. 2060(c). Darden v. State, 12 Ala.App. 165, 68 So. 550.' Horn v. State, 15 Ala. App. 213, 72 So. 768. (Except, of course, where the state's evidence undis-putedly makes the witness an accomplice)"

■ Under the evidence in the instant case, the witness Dozier was not an accomplice of any of the persons indicted in this case. The record does reveal by the testimony of the witness Dozier that on October 22, 1971, he was convicted in the Circuit Court of Houston County, Alabama, for the offense of assault with intent to rob and was at the time of the trial serving time in the penitentiary. However, the evidence concerning said conviction does not show it was in any way connected with the offense charged in the indictment in this case. From aught that appears in the record, it was a conviction arising out of facts and circumstances unrelated to the case at bar. It may also be said that at the time the trial judge passed upon the appellant's motion to exclude the State's evidence and the appellant's motion for a new trial, he had judicial knowledge of the court records and notwithstanding that, he overruled said motions.

We, therefore, reassert that Dozier was not an accomplice.

In Luther v. State, 47 Ala.App. 647, 259 So.2d 857, certiorari denied, 259 So.2d 862, the court quotes from Moore v. State, 30 Ala.App. 304, 5 So.2d 644, the following:

" 'The entire conduct of the accused may be surveyed for corroborative circumstances and if from them his connection with the offense may be fairly inferred the requirement of the statute is satisfied. * * * The suspicious conduct of the accused may furnish sufficient corroboration of the testimony of the accomplice.

" 'Nor need such corroborative evidence be strong, nor sufficient of itself to support the conviction, the criterion being that it legitimately tends to connect the accused with the offense.' "

In the case before this court, the appellant's association with the others named in the indictment, and especially with the witness Wallace Rivers; his secret talks with Rivers at the time Rivers testified plans for the offense were made; the fact that appellant came by the Adams' apartment on the second occasion (June 1, 1971), blew his car horn, and Clarence Relf said to Rivers, "There's your man out there," coupled with the fact that Clarence Relf had been in on the conversation between appellant and Rivers on May 30, 1971; the fact that appellant and Rivers left from in front of the Adams' apartment on June 1, 1971, at the same time; the fact that the appellant was driving the same colored car on May 30 and June 1 as described by Dozier, and the fact that Rivers gave a similar description of the car he said appellant drove to and from the scene of the robbery; the fact that appellant was concerned a few days after the robbery and urged Dozier to get out of town because the town was getting hot— was sufficient corroboration of the testimony of the accomplice Rivers to justify submission of the case to the jury. The corroboration was furnished by the witness Dozier.

The trial judge correctly overruled the appellant's motion to exclude the evidence and his motion for a new trial. There is no error in that respect.

We have searched the record and find no error therein.

It is ordered and adjudged by the Court that this case be and is affirmed.

The foregoing opinion was prepared by Honorable L. S. Moore, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., concurs in the result.