TAYLOR, Judge.
The appellant, Jerry Hasberry, was convicted of receiving stolen property in the second degree, a violation of § 13A-8-18, Code of Alabama 1975, and was sentenced to ten years’ imprisonment. He was also convicted of arson in the second degree, a violation of § 13A-7-42, Code of Alabama 1975, and for this crime was sentenced to twenty years’ imprisonment. His sentences were ordered to run consecutively. Additionally, the trial court ordered the appellant to pay $94,975 in restitution.
The appellant presents five issues for review.
I
The appellant contends that he was convicted of receiving stolen property on the uncorroborated testimony of his two accomplices and that the trial court therefore erred in denying his motion for acquittal. Defense counsel, at the conclusion of the State’s case, moved for a judgment of acquittal as to each charge, citing uncorroborated accomplice testimony, among other grounds, and the trial court denied his motion. After a careful scrutiny of the record, we find this ground to be unsupported in regard to the charge of receiving stolen property.
In Ex parte Bates, 461 So.2d 5, 6 (Ala.1984), our Supreme Court stated:
“It has often been stated that ‘[t]he test for determining whether a witness is an accomplice is whether he or she could have been indicted and convicted for the offense charged, either as principal or accessory.’ Dial v. State, 387 So.2d 879, 881 (Ala.1980) (quoting Russell v. State, 365 So.2d 343 (Ala.Crim.App.1978); Jacks [v. State, 364 So.2d 397, 401 (Ala. Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978) ]; White v. State, 352 So.2d 29, 31 (Ala.Crim.App.1977).”
Consequently, the two actual thieves, Oden and Scott, were not accomplices in the appellant’s crime; they could not themselves have been charged with receiving stolen property.
This issue is directly addressed in 66 AmJur. Receiving Stolen Property, § 24 (1973), which states:
“The question whether one guilty of the larceny of personal property is to be regarded as an accomplice of one who criminally receives it, knowing it to be stolen, must frequently be determined where it is sought to convict the receiver on the testimony of the thief. Whether the thief is such an accomplice is ordinarily tested either by the inquiry whether he has taken a guilty part in the commission of the crime with which the receiver is charged, or by a determination of whether he could himself be indicted for the offense.
“In a majority of jurisdictions, it is held that in a prosecution for receiving stolen property, the thief is not the accomplice of the receiver for purposes of the rules of evidence regarding accomplice testimony. In support of this rule, it is pointed out that accomplice status requires that the alleged accomplice be subject to punishment for the crime for which the defendant is charged; that the theft and the receiving of stolen property are distinct substantive offenses, and that since the thief cannot be convicted of receiving stolen property from himself, he is not an accomplice.”
The testimony of Oden and Scott was not therefore to be regarded as uncorroborated accomplice testimony as to the charge of receiving stolen property. Nevertheless, there existed sufficient corroboration connecting Hasberry with this crime, even if Oden and Scott were held to be accomplices.
The court did not err in denying the motion for judgment of acquittal as to the receiving stolen property count.
II
Appellant also contends that his statements made to a sheriff’s investigator were involuntary and made without sufficient Miranda warnings. We find that none of these statements was taken while appellant was in custody, however, and so he was not entitled to Miranda warnings. Miranda v. *724 Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). They were voluntary and the court correctly received them into evidence.
III
Appellant now contends that the judge should have recused himself because of some family connection of the victim by marriage to the judge's brother. The exact relationship seems to have been disclosed to counsel. Defendant’s counsel, Mr. Pett-away, stated on the record with respect to this that “this is not a problem,” thereby in effect waiving the possible issue. It is obvious that both parties were willing to go forward with the case. The record is devoid of evidence to show the exact degree of relation by affinity, by the civil law. A judge is presumed to be qualified and unbiased. Anyone who alleges otherwise assumes the duty to prove his allegation. McMurphy v. State, 455 So.2d 924 (Ala.Civ. App.1984). The issue of qualification, if not raised at trial, cannot be raised on appeal. Wambles v. Coppage, 333 So.2d 829 (Ala.Civ.App.1976).
IV
Appellant also contends that some disparity in sentencing should merit reversal of his conviction. The sentence in this case was within the statutory limits. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), does not apply to cases such as this. We apply, rather, the analysis pursued in Maddox v. State, 502 So.2d 790, 791 (Ala.Cr.App.1986), cert. denied, 502 So.2d 794 (Ala.1987), which applies the principles expounded in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
V
With respect to the conviction of arson in the second degree, appellant contends that he was convicted solely on the testimony of two accomplices. One of the accomplices, Scott, stated to the police first that he set the house on fire, and then he said he did it at the direction of Hasberry. Then later he said that he started the fire to protect Hasberry. Then later he said that Hasberry set the house on fire. Accomplice Steve Oden, who had pleaded guilty to the offenses of burglary and arson of the house in question, testified that they discussed and disputed about burning the house down but that finally Hasberry burned it down. This testimony was weakened by the fact that Oden indicated that Hasberry got a can out of the truck and went back to the house, which then began to burn. The fire investigators found evidence that no gasoline or any other acceler-ant was used.
This was the only evidence connecting Hasberry with the arson. Since there was no doubt that Oden and Scott were accessories to the arson, Hasberry was convicted solely on accomplice testimony. Section 12-21-222, Code of Alabama 1975, provides as follows:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the. commission of the offense or the circumstances thereof, is not sufficient.”
“An accomplice is defined as ‘an associate in crime; a partner or partaker in guilt.’ Darden v. State, 12 Ala.App. 165, 167, 68 So. 550, 551 (1915)” Jacks v. State, 364 So.2d 397, 401-02 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978).
Accordingly, we conclude that the conviction of Hasberry for arson must be reversed and judgment rendered in his favor on that count. Hasberry’s conviction for receiving stolen property is affirmed.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
All the Judges concur.