99 So.2d 201

**Frank HARRIS**

**v.**

**STATE.**

**8 Div. 878.**

Court of Appeals of Alabama.

May 7, 1957.

Rehearing Denied June 11, 1957.

Calvin & Bloodworth and Jas. N. Bloodworth, Decatur, for appellant.

**140**

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted of assault with intent to murder.

The defendant entered pleas of not guilty, and not guilty by reason of insanity.

The evidence presented by the State tended to show that this appellant went in the nighttime to a filling station operated by Mr. Samuel David Allen. After Mr. Allen had put $4 worth of gasoline in the tank of appellant's automobile, the appellant made a surreptitious attack on him by hitting him over the head with a lug wrench. The wounds inflicted were serious, Mr. Allen's skull being fractured in several places, and an operation was necessary to remove bone splinters from Mr. Allen's brain.

The appellant, testifying in his own behalf claimed he had "black out," and remembered nothing concerning his assault upon Mr. Allen.

Several lay witnesses, including members of the appellant's family, gave testimony tending to support his plea of insanity. This evidence apparently was not impressive to the jury.

The appellant, after the assault, and prior to his trial was examined by Dr. Frank Kay, of Birmingham, Alabama, an eminent specialist in psychiatry and neurology.

Interrogatories propounded to Dr. Kay by the appellant, with the answers thereto, were received in evidence. In short this depositional evidence may best be described as negative, in that Dr. Kay's answers disclosed he found no real evidence of any mental disease or nervous disorder, but only that the appellant was an inadequate person.

The State had also filed cross interrogatories to Dr. Kay, and these cross-interrogatories, together with his answers were introduced by the State. In this connection the record shows the following as to one of the questions and its answer, contained in the cross interrogatories:

"Thirteenth Cross-Interrogatory: Doctor, does a diagnosis by you that a person is subject to uncontrolled behavior, mean that the patient could exercise no control over his behavior even if he wanted to?

"Mr. Bloodworth: We object to this cross-interrogatory. It invades the province of the jury; it's irrelevant, and immaterial and calls for a statement of an opinion which is not a professional opinion on this particular fact.

"The Court: Objection overruled.

"Mr. Bloodworth: We except, and move to exclude the answer, as not responsive, at least, that part where he states 'from a legal standpoint' certainly is not an opinion of a psychiatrist, and it invades the province of the jury, and is immaterial and irrele-

vant,—particularly that part, 'from a legal standpoint. * * *'

"The Court: Objection overruled. It's an expert opinion.

"Mr. Bloodworth: We except.

"(Answer) When uncontrolled behavior was mentioned in the examination it did not mean that it was uncontrolled because of mental disease, but just uncontrolled. *From a legal standpoint we would consider Mr. Harris competent, sane and responsible for his behavior.*" (Italics ours.)

The record further shows that the defense introduced rebuttal interrogatories to the cross interrogatories, and that an objection was interposed to the answer of one of the questions. In this regard the record is as follows:

"Eighth Rebutting Interrogatory: Please state if Frank Harris, your patient, is able to control his behavior?

"Mr. Bloodworth: Rebutting Interrogatory 8 is the one we don't believe the answer is responsive to.

"Mr. Slate: Oh, yes, we think it is responsive.

"Mr. Bloodworth: We object to the answer, on the grounds it is not responsive, invades the province of the jury, is incompetent, irrelevant, illegal, a statement of opinion.

"The Court: Objection overruled.

"Mr. Bloodworth: We except.

"(Answer) In a legal sense, not being insane, I would consider Mr. Harris mentally competent and theoretically able to control his behavior."

■ While the general rule is that if a party elects to introduce interrogatories he ·must offer the whole, and cannot select the answers, or parts of answers suited to his purposes, yet such general rule does not require the introduction of the entire deposition and answers, where parts thereof

are objectionable and due objection is made thereto. In such circumstances the pertinent, material, relevant, and competent parts may be read to the jury. Pope v. Ryals, 232 Ala. 260, 167 So. 721.

■ The very issue for determination by the jury in this case, under the plea of not guilty by reason of insanity, was whether the appellant was legally sane, or insane. Dr. Kay's answers set out above were obviously an invasion of the province of the jury on a matter directly in issue.

We have found no Alabama cases directly in point on the particular question now being considered. Closely analogous however are several cases dealing with the mental competency of a testator, which hold that while an expert or nonexpert witness, may give opinion testimony that the testator was sane, or insane, yet he cannot testify that the testator was capable, or incapable, of making a will, as that is the very issue to be determined by the jury, or the court if there be no jury. Case v. English, 255 Ala. 555, 52 So.2d 216; Daggett v. Boomer, 210 Ala. 673, 99 So. 181; Dersis v. Dersis, 210 Ala. 308, 98 So. 27; Council v. Mayhew, 172 Ala. 295, 55 So. 314; In re Carmichael, 36 Ala. 616.

■ Other cases, too innumerable to cite, to the effect that a witness may not testify to matters directly in issue, and whose doctrines are applicable by analogy, and controlling of the question now being considered, may be found in Alabama Digest, Vol. 6, Crim.Law, ☞450, and Alabama Digest, Vol. 9, Evidence, ☞472.

In his instructions to the jury the court properly stated to the jury the principles governing their determinations of the question of the responsibility of the accused under his plea of not guilty by reason of insanity. Included in this portion of his instructions the court charged the jury that they were to determine this question from the evidence before them. A part of this evidence were the bald statements of Dr. Kay to the effect that the appellant was legally sane, competent, and respon-

sible, and not being legally insane, he must be considered mentally competent, and theoretically able to control his behavior.

This objectionable evidence necessitates a reversal of this judgment.

Numerous other points are argued by counsel for appellant as constituting error in the trial below. They are not likely to arise in another trial of this case. We therefore pretermit, and reserve, consideration of them.

Reversed and remanded.