HARRIS, Judge.
Appellant was convicted of burglary in the second degree and sentenced to eight years in the penitentiary. Prior to arraignment appellant was found to be indigent and counsel was appointed to represent him. He pleaded not guilty. After sentence was imposed he gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on appeal.
Appellant was 20 years of age at the time of his trial and the Youthful Offender law was explained to him in the presence of his counsel. After consultation with his attorney appellant waived his right to file an application to be treated as a Youthful Offender.
Appellant was jointly indicted with one Gary Ray Combs but a severance was granted and appellant was put to trial on September 17, 1975.
Counsel for appellant has filed a 12-page brief which is nothing more than a recitation of the facts adduced at trial. Not a single case is cited in the brief. The brief concludes:
“Attorney for appellant has diligently searched the record of the instant case and has been unable to find any reversible error committed in the trial of this case under the existing law of Alabama.”
When the State rested, appellant’s counsel moved to exclude the State’s evidence for failure to make out a prima facie case. This motion was overruled.
Appellant was a resident of Dale County, Alabama, and the offense for which he was convicted occurred in Houston County on the night of April 21, or in the early morning hours of April 22, 1975. In the spring of 1975 there were a rash of burglaries in Dale, Pike and Houston Counties. Appellant, his co-defendant and others became prime suspects during the investigation of these offenses.
Ray Sanders testified that in April of 1975, he operated a beer tavern and pool hall 12 miles west of Dothan, Alabama, known as Ray’s Place. When he closed his business on the night of April 21, 1975, all doors and windows were locked. The windows had bars across them. On the morning of April 22, 1975, when he went *184 to open his place of business, he discovered that the glass in a window had been busted out and the bars were pried up which made an opening 12 to 15 inches wide. Two pool tables had been broken, a color television, cigarettes and some money were missing. He called the Sheriff’s Office and reported the burglary.
On June 12, 1975, Harold Howell, a Deputy Sheriff of Dale County, went to appellant’s home and asked him to come to the Dale County Jail and talk to him. Appellant came in the late afternoon of that date to talk to Deputy Howell. He was given the Miranda rights and warnings by Mr. Howell and told him he understood his rights. Howell further testified that there were no threats made against appellant and no promises, offers of reward or other inducements made to appellant to get him to make a statement. Appellant gave the Deputy the following statement:
“We, referring to Gary Combs, Glen Odom and James Godfrey, were at #3, Glenway Homes. Glen Odom called me and Gary Combs outside and he said he had borrowed a car and needed you to drive for him, so me and Gary Combs went with him, and I drove. He told me where to go, and I drove down Highway 123 below Newton into Houston County. I let Gary and Glen off at the peanut mill on Highway 123 just before getting to Highway 84. They said come by and pick us up in front of Ray’s Place, so I drove around for about 30 minutes and come back and stopped beside the store almost in front of Ray’s Place. They come out of the bushes and got in the car. We come back to Ozark and stopped at #3 Glenway to see if the TV worked. It didn’t work, so Glen took it to the car, and then counted the money. He had $11.00 in money. We went to the Cannon Station, and on the way threw the TV out on the corner of a street, Fairview and Westview Avenue. We bought gas with all of the money. They got about six cartons of cigarettes, and I got one carton of Winstons.”
Prior to the above statement being read to the jury appellant made a motion to suppress and considerable testimony was heard. Appellant testified on direct examination that he was not given his constitutional rights and he was never told that he could remain silent. He was not advised that he was entitled to a lawyer and if he could not afford one the Court would appoint a lawyer to represent him and have him present while he was being interrogated, and he was not told that anything he said could and would be used against him. That he was told if he didn’t make a statement, the officer was going to pick up his wife and put her in jail for 72 hours and let the welfare people look after his children. He said he was told if he made a statement, he would be out of jail the next day.
On cross-examination he recanted his testimony made on direct and admitted he was read his constitutional rights from a card after which he was asked if he understood his right and he stated that he did.
Deputy Howell of Dale County got in touch with the Sheriff’s Department in Dothan and in response to that call Deputy Sheriff Sid Batchelor came to see appellant. Before asking appellant any questions Sid Batchelor again gave appellant the Miranda rights and he signed a waiver of rights form. He was asked if he understood his rights and he told Batchelor he understood his rights and was ready to make a statement.
The trial court overruled and denied the motion to suppress and the jury was recalled to the courtroom.
Deputy Sheriff Sid Batchelor testified that on June 16, 1975, appellant made and signed the following statement:
“Q And what is the statement that he made to you ?
“A At 4:55 P.M. on the 16th day of June, 1975. It says, ‘On April the 21st, 1975, I was at my girlfriend’s house at *185 Apartment #3, Glenway Homes, Ozark, Alabama. Gary Combs was with me. And then Glen Odom came up and told me he wanted me to drive for him. He had borrowed a car from a girl that was up the street. He didn’t tell me where I was going, but I drove, and Gary went with us, and we went to a feed mill on Highway 123 close to Wicksburg. And I pulled off the side of the road and let Glen Odom and Gary Combs out. At this time, Glen Odom told me to come by Ray’s Place and pick them up. Glen carried some tools with him before he left. And he told me to be gone about 30 or 40 minutes and then to come to the front of Ray’s Place, and I did. And when they got in the car, they had a col- or TV and six cartons of cigarettes and about 11 dollars in change. Then we came back to Dale County and went to Apartment #3 Glenway Homes. Then we tried the TV to see if it would work. It didn’t, so we left and went to get some gas, and carried the TV with us, and Glen threw the TV out of the car into the woods at the corner of the street next to Sheriff Walker’s house. We then got gas and they carried the car back to its owner. Then we split the cigarettes and Gary and Glen got all but one carton.’ ”
Appellant testified in his own behalf and stated that when he was asked to drive Gary Combs and Glenn Odom he had no idea what they were planning to do and denied that he was waiting in a getaway car to pick them up.
On cross-examination appellant admitted that around 11 o’clock p. m. on April 21, 1975, Combs and Odom came to his girl friend’s house and asked him to drive them around. At 12:00 p. m. he dropped them off on the side of the road near the feed mill on Highway 123. He noticed that Glenn Odom had two screwdrivers in his back pocket when he left the car. He stated they told him to be gone 30 or 40 minutes and then come to the front of Ray’s Place to pick them up. He drove to Ray’s Place and Combs and Odom came out of some bushes nearby. They had a color TV, six cartons of cigarettes and about $11.00 in change and he carried them back to his girl friend’s house. He got out of the car and they drove away. He admitted getting one carton of cigarettes.
Where evidence of the circumstances surrounding a confession is conflicting on voir dire, the trial court must decide on its admissibility and then, if the confession is admitted, controverted testimony for the defendant goes to the jury on its credibility.
After hearing the testimony by both the appellant and the State on voir dire the Court held the waiver and confession, admittedly executed by the defendant, to be voluntary and admissible. This ruling was proper. Sheppard v. State, 49 Ala.App. 674, 275 So.2d 353.
It is settled law that when by prearrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. The community of purpose need not be proved by positive testimony. The jury is to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case. Stokley v. State, 254 Ala. 534, 49 So.2d 284.
All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must be tried and punished as principals. Mitchell v. State, 51 Ala.App. 411, 286 So.2d 85.
The question of whether or not appellant, acting as the chauffeur for his as *186 sociates, was thereby an aider or abettor— a derivative principal under Title 14, Section 14, Code of Alabama 1940 — in the crime of burglary committed by them out of his presence was for the jury. Bass v. State, 55 Ala.App. 5, 312 So.2d 576.
The corpus delicti is a fact, proof of which may be shown by circumstantial evidence, and if there is a reasonable inference to prove its existence, the Court should submit to the jury for consideration the question of the sufficiency and the weight of the evidence tending to support that inference. Hines v. State, 260 Ala. 668, 72 So.2d 296; Burleson v. State, 52 Ala.App. 399, 293 So.2d 317; Bass v. State, 55 Ala.App. 88, 313 So.2d 208.
We have carefully searched the record for errors which injuriously affected the substantial rights of appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.