We granted the petition for writ of certiorari in this case because the petitioner, through the utilization of Rule 39 (k) of the Rules of Appellate Procedure, demonstrated that the Court of Criminal Appeals, 387 So.2d 871, in its opinion had not addressed an issue, properly preserved at the trial below, the effect of which was to render the opinion in conflict with other decisions on the exact same issue.
We agree and reverse and remand.
The Court of Criminal Appeals held, and we think properly so, that the state had discharged its burden of showing that the inculpatory statements made by the defendant, Dial, to Investigator Billingsley were admissible. The record shows that the district attorney was allowed to elicit from Officer Billingsley the inculpatory statements. The following appears from the record:
 Q. [By the district attorney] What was the sum and substance of his [Dial's] statement?
 A. . . . I asked him whose marijuana that was and he told me whose it was.
Q. Whose did he say it was?
A. He said it was his and Booger-Reds.
 MR. WATKINS [district attorney]: That's the statement.
The district attorney also asked him:
 Q. You testified about a statement that Mr. Dial gave you and he said that the marijuana belonged to him and who?
A. `Booger-Red'.
Q. Do you know `Booger-Red'?
A. I do.
 Q. Did you see him there that night: Did you see him where the marijuana was found?
A. No, sir.
Q. Did you ever see him possess any marijuana?
A. No, sir.
MR. WATKINS: That's all.
On cross-examination, the defense attorney asked this witness:
 Q. I believe you said further that Mr. Dial told you that some guy named `Booger-Red' was in on this, is that correct?
 A. On the marijuana that had been moved on the truck the night before and that that we found morning, yes, sir.
. . . . . *Page 880 
Q. Has this person been arrested or indicted?
A. Not to my knowledge, no sir.
Q. Why not?
 A. We have not seen him, or have not caught him in possession of any. The only thing we have is this gentleman's statement.
 Q. That's the only thing that you're relying on is his statement to you, is that correct?
The witness then answered "Yes."
On re-direct, the district attorney continued the questioning of Officer Billingsley:
 Q. He asked you about the investigation that was made regarding `Booger-Red', or Donald Fears. What have you been able to uncover regarding that case?
A. Nothing other than what Mr. Dial told me.
Q. Did you, as a lawyer, consider him an accomplice?
 MR. SELF [defense counsel]: Object to that, if the court please, what he was considered.
 MR. WATKINS [district attorney]: He's qualified as a lawyer.
THE COURT: Pardon.
 MR. SELF: I objected to his statement; his question.
 THE COURT: You asked him why he hadn't been arrested. Overruled.
MR. WATKINS: (CONTINUING)
 Q. Would you consider him as an accomplice of Mr. Dial?
A. I would.
Q. And, Mr. Dial an accomplice of Mr. Fears?
A. I would.
 Q. You said, I believe on Mr. Self's cross-examination, that the only people involved, the only suspects were Mr. Dial and Mr. Fears: is there not another indicted person involved?
A. That is correct.
Q. Who is that?
A. Eddie Morris.
It has long been the law that a witness may not give his opinion on a question of law or upon matters which involve questions of law. In Fiorella v. City of Birmingham,35 Ala. App. 384, 48 So.2d 761 (1950), Judge Harwood quoted from 20 Am. Jur. Evidence § 799 (1939), as follows:
 "It may be laid down as a general rule that a witness is never permitted to give his opinion on a question of law or upon matters which involve a question of law. This rule is applicable to both expert and non expert witnesses." See also Alabama Fuel Iron Co. v. Adams, Rowe Norman, 216 Ala. 403, 113 So. 265. The reason for such rule is that conclusions of law are exclusively for the courts.
35 Ala. App. at pp. 388-389, 48 So.2d at p. 766.
Judge McElroy in McElroy's Alabama Evidence, 3rd Ed., § 128.07, states the rule as follows:
 A witness, be he expert or lay, cannot give his opinion when such constitutes a legal conclusion or the application of a legal definition. Harris v. State, 39 Ala. App. 139, 99 So.2d 201, cert. denied, 266 Ala. 697, 99 So.2d 204 (1957).
The rule is restated in 31 Am.Jur.2d Expert and OpinionEvidence § 69 (1967), as follows:
 The rule prohibiting a witness from presenting his opinion on a question of law is applicable to both expert and non-expert witnesses. Testimony of expert witnesses is, in general, confined to matters of fact, as distinguished from matters of law. Opinion testimony of expert lawyers upon legal questions, other than that as to the law of another jurisdiction, or expert or nonexpert opinion generally, that amounts to a conclusion of law, cannot be properly received in evidence, for the determination of such questions is exclusively within the province of the court.
In this case, over objection, the court has allowed Officer Billingsley to testify that, in his opinion, Booger-Red was an accomplice. That is a question of law. In Russell v. State,365 So.2d 343 (Ala.Cr.App. 1978), the Court of Criminal Appeals said: *Page 881 
 The test for determining whether a witness is an accomplice is whether he or she could have been indicted and convicted for the offense charged, either as principal or accessory. . . . This determination is a question of law initially directed to the trial judge.
Even if it were assumed that a lawyer should be able to express his opinion with respect to whether or not Booger-Red was an accomplice, under the uncontroverted facts elicited from the statement made by defendant, Dial, there is nothing in the record to indicate that Officer Billingsley was shown to be a lawyer. The only reference to that is the statement of the district attorney in response to the defendant's objection to the question put to Billingsley that "he's qualified as a lawyer."
For the reasons stated, the judgment of the Court of Criminal Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
FAULKNER, JONES, EMBRY and BEATTY, JJ., concur.
MADDOX, J., dissents.