The appellant, Walter Loyd, was convicted of sodomy in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to 10 years' imprisonment.
The state's evidence tended to show that on January 10, 1988, the appellant sodomized his daughter. She testified that she was lying in the sun in her bathing suit when the appellant approached her. He said he wanted to put baby oil on her. She protested, but the appellant started rubbing her with oil. He then ripped the back of her bathing suit and tore the bottom off. Despite her protests, the appellant climbed on top of her. The appellant then put his tongue into her vagina. Appellant's daughter was sixteen at the time of the incident.
 I
Appellant contends that the trial court erred in allowing him to be questioned about his character. During appellant's cross-examination, the following occurred:
 "Q: And yet, is it not true, that you were allowing her to sleep in your house with Wanda, your wife here, her step mother, and Bobby Riley, who she was not married to and sleeping in the same bed in the house you lived in, isn't it, Mr. Loyd? That is true, isn't it?
 "A: I don't understand what you are talking about, sleeping on the same bed —
 "Q: Did she sleep in the room with Bobby in the house that you and Wanda lived in?
"A: We had a living room, too, sir.
"Q: Didn't she sleep in the same bed with him?
"A: I never seen them like that.
"Q: Not one time?
"A: I couldn't answer that."
The appellant contends that the questions concerning the living arrangements at his home tended to show his bad character and were therefore inadmissible.
The fact that the victim's boyfriend was living with the victim and the appellant in a trailer was first brought out on direct examination of the appellant. On direct examination, appellant testified that he received money from the victim's boyfriend and that the boyfriend was living in his trailer with him, his daughter, and his wife at the time.
Because evidence of the living arrangements at appellant's home was first raised by the defense, the prosecution was free to further inquire into these arrangements on cross-examination. As this court stated in Ringer v. State,489 So.2d 646 (Ala.Cr.App. 1986), "the prosecutor . . . committed . . . [no] misconduct in questioning the appellant about moral turpitude since defense counsel opened the door on this matter during his direct examination of the appellant." 489 So.2d at 652. Accordingly, no error occurred in this instance.
 II
Appellant next contends that the court erred in not allowing his attorney to question the victim concerning a juvenile adjudication which would have constituted a crime involving moral turpitude if committed by an adult.
 "There is a statutory provision in this state that precludes an adjudication of delinquency in the juvenile court from being held or denominated a conviction. Because of this statute, it has been held that a juvenile court adjudication cannot be introduced to impeach a witness even if the adjudication was for a crime involving moral turpitude." *Page 1372 
C. Gamble, McElory's Alabama Evidence, § 145.01(4) (3d ed. 1977), and cases cited therein.
"It is settled law that juvenile proceedings are not crimes.Rudolph v. State, 286 Ala. 189, 238 So.2d 542 (1970), and are not admissible in felony prosecutions." Mayton v. State,52 Ala. App. 626, 627, 296 So.2d 249 (1974).
Further, as § 12-15-72(b), Code of Alabama 1975, states:
 "The disposition of a child and evidence given in a hearing in the court shall not be admissible as evidence against him in any case or proceeding in any other court whether before or after reaching majority, except in a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report."
Appellant cites the case of Ex parte Lynn, 477 So.2d 1385
(Ala. 1985), for the proposition that in the instant case, the victim's prior juvenile adjudication was admissible. Lynn is factually distinguishable from the present case in that in theLynn case the witness sought to be impeached by virtue of his juvenile record was an accomplice to the commission of a capital offense. Our Supreme Court held that the state's interest in protecting the anonymity of juvenile offenders is not paramount to a defendant's right to effectively cross-examine an admitted accomplice to the crime.
 "Because of their relationship in the joint commission of this horrible crime and the overwhelming weight of Strong's testimony against Lynn, constitutional considerations mandate that Defendant not be restricted in his cross-examination of Strong as to any matters of probative worth."
Lynn, 477 So.2d at 1387.
The decision in Lynn departed from the well established rule of general exclusion of prior juvenile convictions in any instance. The facts in Lynn are clearly distinguishable from the present case. We see no reason to deviate from the general rule. The trial court committed no error in this instance.
 III
The appellant further contends that the trial court erred in refusing to inspect the Department of Human Resources records of the victim "in camera." The record reflects that defense counsel moved for an in camera inspection of a letter allegedly written by the victim to her social worker. The letter purportedly stated that she (the victim) had made up rumors that she and a boy had gone out and had oral sex. The trial court ruled that this evidence was inadmissible without first reviewing the letter "in camera."
As this court stated in Ward v. State, 440 So.2d 1227
(Ala.Cr.App. 1983), "The trial court is afforded broad discretion in passing on the admissibility of evidence, and its determination will not be disturbed without a clear showing of abuse." Ward, 440 So.2d at 1229. In this case there was no need for an in camera review of the letter, since defense counsel fully disclosed the contents of the letter in its request for admission of the letter.
Moreover, the letter was inadmissible because the only time evidence concerning the past sexual behavior of the victim can be introduced into evidence is when the trial court finds that the past sexual behavior directly involved the participation of the accused. Smelcher v. State, 520 So.2d 229, 231 (Ala.Cr.App. 1987).
 IV
The appellant next contends that the trial court erred in disallowing information concerning allegations of sexual misconduct by the complaining witness against parties other than the defendant. Specifically, he argues that evidence of complaints of sexual abuse that the victim made against third parties should be admitted as showing that her current complaint was in keeping with a "single, plan, design, scheme, or system."
As this court stated in Webb v. State, 455 So.2d 223
(Ala.Cr.App. 1984), "Complaints by the prosecutrix of other rapes committed by third persons not a part of the res gestae are immaterial and irrelevant." Webb, 455 So.2d at 224. *Page 1373 
Furthermore, this would go against the purpose of the "rape shield statute," which states:
 "(b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness, as defined in subsection (a) of this section, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this section.
 "(c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in subsection (d) of this section, finds that such past sexual behavior directly involved the participation of the accused."
Section 12-21-203(b), (c), Code of Alabama 1975; see alsoMcGilberry v. State, 516 So.2d 907 (Ala.Cr.App. 1987). Accordingly, no error occurred in this instance.
 V
Appellant next contends that the trial court erred in failing to give requested jury instructions numbered 3-14. The record reflects that after the trial court gave the jury its oral charge, defense counsel stated:
 "I specifically, for the record, want to note that we feel that all of these should have been read to the jury as presented, numbers 1 through 13."
Defense counsel made no specific objection as to requested instructions 1-7 and 9-13. Thus, these are not preserved for our review. See Lawson v. State, 455 So.2d 99, 100 (Ala.Cr.App. 1984).
Appellant did, however, preserve for our review the trial court's refusal to give the jury instruction number 8. Nevertheless, the trial court committed no error in denying this instruction. The requested charge contained a citation of authority. "The refusal of a requested charge does not constitute error where the charge bears citation of authority."Yeager v. State, 500 So.2d 1260, 1267 (Ala.Cr.App. 1986).
 VI
Last, appellant contends that the trial court erred when it dismissed a defense witness over his objection. One of appellant's neighbors was called by the defense to testify concerning the happenings at appellant's trailer on January 10, 1988. A letter was given to the trial court which was composed by a Dr. Mark Dean concerning this witness. It stated that the witness was under his care and suffered from severe dementia due to Alzheimer's Disease. Dr. Dean wrote, "Due to his mental condition, he should not be allowed to testify. And, I feel that if he did, his testimony would be of little value to you." Defense counsel also stated, on the record, that he had talked with the witness and was told that he had not seen anything that day.
We note that appellant fails to cite any authority for this contention; thus, the matter is deemed waived on appeal. SeeVinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984).
Even if this issue had been preserved, no error occurred. As this court stated in Smith v. State, 380 So.2d 345 (Ala.Cr.App. 1980):
 " 'A person is disqualified to be a witness if, by reason of mental derangement, he lacked the capacity to observe the matter to be testified about, if he now lacks capacity to narrate such matter or if he does not understand that it is his moral duty to speak the truth." '
Smith, 380 So.2d at 347, quoting Orton v. Gay, 285 Ala. 270,277. 231 So.2d 305 (1970). " 'The discretion of a trial judge as to the competency of a witness is of a well nigh irrevisable nature.' " Smith, 380 So.2d at 348.
Appellant received a fair trial. Accordingly, his conviction is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1374