TAYLOR, Presiding Judge.
The appellant, Michael R. Willis, was convicted of receiving stolen property in the second degree, a violation of § 13A-8-18, Code of Alabama 1975, and was sentenced to 10 years’ imprisonment.
The evidence as presented by the State tended to establish that in mid-September 1988 an air compressor was stolen from the City of Opp Sanitation Department. The compressor, for which no serial number was known, was a Sears brand 5-horse-power gasoline-powered air compressor. It had a red tank and a black engine. It was in good condition, having been purchased just two months earlier. The compressor was purchased at a price of $630. At the time it was stolen, its value was estimated as somewhere between $100 and the purchase price of $630.
Todd McCart testified that in late September 1988, the appellant asked for his assistance in loading an air compressor *761 onto his truck and delivering it to Gaylon Nelson. When McCart arrived at the appellant's residence — a boarding house — he saw an air compressor at the edge of a cane break about 20 yards from the house. Appellant asked McCart to call Nelson about buying the compressor. Appellant told McCart that he could not call Nelson himself because he owed Nelson some money. After the phone call was made, appellant and McCart took the air compressor to Nelson’s house.
Gaylon Nelson stated that he bought a Sears air compressor from the appellant and Todd McCart. Since McCart was the one who contacted him about the purchase, Nelson paid McCart for the air compressor. The air compressor he purchased was a Sears brand 5-horsepower gasoline-powered compressor with a red tank and a black engine. Shortly thereafter, Nelson left his air compressor outside overnight and it was stolen from his property.
The appellant testified that it was McCart, and not the appellant, who had possession of the stolen compressor and who sold the compressor to Nelson.
Appellant raises several issues concerning the testimony of his alleged accomplice, Todd McCart. We need not address all of these issues, however, since appellant’s conviction must be reversed and his case remanded for a new trial due to the trial court’s failure to instruct the jury on the impact of an accomplice’s testimony.
“An accomplice is defined as ‘an associate in crime; a partner or partaker in guilt.’ Darden v. State, 12 Ala.App. 165, 167, 68 So. 550, 551 (1915).” Jacks v. State, 364 So.2d 397, 401-02 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978). See also Brownlee v. State, 545 So.2d 151, 159 (Ala.Cr.App.1988), aff'd, 545 So.2d 166 (Ala.), cert. denied, — U.S. -, 110 S.Ct. 208, 107 L.Ed.2d 161 (1989). This term has also been held to include all who are concerned in the crime, whether as principals, as accessories, or as aiders or abetters. 23 C.J.S. Criminal Law § 998 (1989).
“The test for determining whether a witness is an accomplice is whether he or she could have been indicted and convicted for the offense charged, either as principal or accessory.” Ex Parte Dial, 387 So.2d 879, 881 (Ala.1980), quoting Russell v. State, 365 So.2d 343 (Ala.Cr.App.1978). See also Ex parte Bates, 461 So.2d 5, 6 (Ala.1984); Brownlee, supra, 545 So.2d at 160; Jacks, supra, 364 So.2d at 401.
As this Court stated in Brownlee, supra, 545 So.2d at 160:
“Whether a witness is an accomplice may be a question of law or fact, depending on the particular circumstances of the case; however, the question of complicity is usually a question of fact. Jacks v. State, supra, 364 So.2d at 403. Complicity becomes a question of fact for the jury’s determination where there is a doubt or dispute concerning the complicity of a witness and the testimony is susceptible to different inferences on that point. Ex parte Bell, 475 So.2d 609, 612 (Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985).”
In the instant case, there was some question as to whether McCart was an accomplice of the appellant. Indeed, from our review of the record it appears that the trial court believed that McCart could also be charged with possession of the stolen air compressor, despite the prosecutor’s belief that the State could not successfully prosecute McCart for possession of the stolen air compressor. McCart testified that he did not know where the appellant got the compressor that the two of them sold to Nelson. The appellant, however, maintained that McCart was the one behind the sale of the stolen air compressor. Because of this dispute, the question of whether McCart was an accomplice of the appellant was a question of fact for the jury’s determination. Brownlee, supra, 545 So.2d at 160-61.
The only instructions given to the jury which concerned complicity were as follows:
“There is one other principle of law that I want to read to you that I think applies in this case that you will consider in making up your verdict. A person is legally accountable for the behavior of another constituting a criminal offense if *762 with intent to promote or assist the commission of the offense he aids or abets such other persons in committing the offense.”
No other mention was made in the trial court’s instructions as to how the jury should consider the testimony of appellant’s alleged accomplice, Todd McCart. Defense counsel did, however, submit a written requested instruction on the corroboration of accomplice testimony. This instruction was marked “refused” by the trial court. Additionally, at the close of the court’s oral charge, defense counsel again requested that the court instruct the jury on the impact of accomplice testimony. This request was also denied, and an exception was taken.
We have previously addressed this issue on several occasions. In Washington v. State, 401 So.2d 236 (Ala.Cr.App.), cert. denied, 401 So.2d 241 (Ala.1981), an issue similar to the one at bar was raised. There, we affirmed the decision of the lower court, since the jury had been thoroughly instructed on the issue of whether the witness was an accomplice and the impact of that witness’s testimony. 401 So.2d at 240. More recently, in Humber v. State, 466 So.2d 165, 167 (Ala.Cr.App.1985), we reversed for the lower court’s failure to instruct the jury on the principles of accomplice testimony when the evidence presented a factual dispute as to whether the witness was an accomplice of the accused.
“Every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.” Anderson v. State, 507 So.2d 580, 583 (Ala.Cr.App.1987). The evidence adduced at trial presented sufficient evidence of McCart’s accomplice status for the jury to be instructed on the principles of accomplice liability and the impact of an accomplice’s testimony. Indeed, if we subtract McCart’s testimony, we are left with only the testimony of Gay Ion Nelson to link appellant with the stolen air compressor. Nelson purchased a red and black air compressor from McCart and the appellant. Nelson paid McCart for the air compressor, and his only communication concerning the purchase of the air compressor was with McCart — not appellant. Based on these circumstances, the jury should have been instructed as to the definition of an accomplice and the questionable nature of McCart’s testimony if they found him to be an accomplice. Because they were not, appellant’s conviction must be reversed and his case remanded to the Circuit Court of Covington County for a new trial.
REVERSED AND REMANDED.
All the Judges concur.